IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03319-M-RJ

SAMUEL CLEMENT WENDT, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
JANET DEXTER, et al., )
)
    Defendants. )

On November 16, 2023, Samuel Clement Wendt ("plaintiff"), a state inmate, filed *pro se* a complaint under 42 U.S.C. § 1983. See Compl. [D.E. 1].

On October 29, 2024, the court conducted its initial review under 28 U.S.C. § 1915A, dismissed the action in part, and directed plaintiff to file an amended complaint as to his surviving February 21 to April 24, 2021, conditions-of-confinement claims. See Order [D.E. 6].

On November 21, 2024, plaintiff filed this motion for reconsideration. Mot. [D.E. 8].

Discussion:

Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). A court may revise interlocutory orders for the following reasons: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017).

In his instant motion for reconsideration, plaintiff first addresses claims that the court's prior order dismissed without prejudice as barred pursuant to Heck v. Humphrey, 512 U.S. 477,

486–87 (1994). Plaintiff specifically asks that these claims be held in abeyance or, alternatively, deemed tolled because they otherwise would be time-barred. See Mot. [D.E. 8] at 1–4.

Succinctly stated, plaintiff fails to demonstrate any clear error causing manifest injustice in the court's prior order dismissing without prejudice as Heck-barred his claims regarding prison disciplinary convictions. Cf. Carlson, 856 F.3d at 325. Should plaintiff wish to pursue these claims in future litigation, he may seek tolling of the statute of limitations in that future case.

Next, plaintiff asks the court to reconsider dismissal of his claims against defendants Youker and Carr. See id. at 4–13.

As to Youker, plaintiff specifically asserts, *inter alia*, that: circa November 30, 2020, Youker instructed plaintiff never to talk about his charges, "implying that it would be dangerous for the plaintiff to be known as a sex offender"; an inmate who knew of plaintiff's charges told a BFG gang member about plaintiff's sex offender status; on February 21, 2021, the gang member accosted plaintiff in his cell and instructed him to surrender canteen food items; plaintiff refused, the offender struck plaintiff, plaintiff "utilize[d] minimal force to eliminate the threat to his person and property [sic]," and he was taken to segregation; Youker knew plaintiff had been assaulted by a gang member and that plaintiff had been in protective custody before at Craven C.I.; Youker, however, "instructed plaintiff to disobey the order to leave segregation as the 'only' way to go to protective custody"; plaintiff was written up for following this advice, "resulting in lost money, privileges, and gain time sentence credits"; Youker "affirmatively acted" when he instructed plaintiff to disobey prison rules and then refused to appear as a witness for plaintiff in a disciplinary hearing to be subject to cross examination; Youker's acts resulted in a 30 day loss of sentence credits, a $10 fine, a loss of privileges, and other injuries to plaintiff's mental health; and Youker acted with a culpable state of mind knowing there is a greater risk to sex offenders from gang

2

members, that plaintiff had a history of being threatened with extortion, including in February 21, 2021, deliberately instructed plaintiff to disobey prison rules, refused to attend plaintiff's disciplinary hearing, despite plaintiff's request and knowing his absence "would likely result in harm to the plaintiff," and Youker also "never objected to plaintiff's return to general population despite valid concerns for plaintiff's safety," resulting in plaintiff being threatened and extorted by gang members for months. Id. at 5–9.

As to Carr, plaintiff specifically alleges, *inter alia*, that: "Carr had to have known plaintiff was assaulted by a gang member"; Carr was responsible for conducting a protective custody investigation but never interviewed or requested statements from plaintiff; "Carr determined plaintiff did not require protective custody despite having information that plaintiff had a history of threats and extortion, had recently been assaulted by a gang member, and was more likely than not to be exposed to similar treatment if returned to a gang run prison block"; Carr "affirmatively acted" by "slipping a note under the door threatening plaintiff with a write-up if he did not return to general population where plaintiff would likely be (and was) subject to actual harm"; "faced with two punitive choices, and no right to self-defense, plaintiff was dangled two rotten carrots and told to eat one," both of which would result in harm; and Carr "acted with a sufficiently culpable state of mind" because "he knew of the past history of plaintiff's threats and extortion by gang members, knew of plaintiff's valid concerns for his safety, knew plaintiff was assaulted by gang members" and, despite this knowledge, "threatened plaintiff with an additional write up (actual harm) if he did not return to general population where he would be subjected to actual harm." Id. at 9–10.

Plaintiff also argues he has plausibly alleged an Eighth Amendment injury because: he was assaulted in his cell by a gang member on February 21, 2021, and "was subjected to a past history of threats of harm and extortion"; his sex offender status "was an obvious factor in him being

3

targeted by gangs for extortion"; gang activity at Tabor C.I. was "extremely prevalent during the time period"; he will present evidence he was extorted by gang members after returning to general population; and he communicated concerns as to the substantial risk of serious harm with Carr and Youker before he was returned to general population; and he actually suffered harm, including being extorted by gang members for nearly a year. Id. at 11.

After review, plaintiff's instant allegations again fail to state viable due process claims against either Youker or Carr, see Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991), but his expounded failure-to-protect claims against Youker and Carr are not clearly frivolous, see Farmer v. Brennan, 511 U.S. 825, 842 (1994); Raynor v. Pugh, 817 F.3d 123, 127–28 (4th Cir. 2016); Makdessi v. Fields, 789 F.3d 126, 136 (4th Cir. 2015); but see King v. Riley, 76 F.4th 259, 267 (4th Cir. 2023); Danser v. Stansberry, 772 F.3d 340, 346–47 (4th Cir. 2014).

Accordingly, the court will direct plaintiff to file one amended complaint addressing both his conditions-of-confinement claims from February 21 to April 24, 2021, and his failure-to-protect claims against Youker and Carr. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and must connect defendants with the purported constitutional violations. This is not an invitation to make new claims against new defendants.

Any amended complaint will be subject to initial review, see 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and will be considered the complaint in its entirety; the court will not review plaintiff's earlier filings to discern any misplaced claims. The court, however, will review any amended complaint to determine whether severance is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

Finally, court will grant the motion as to plaintiff request for a 21-day extension of time to respond to the court's prior order directing him to file an amended complaint.

4

Conclusion:

In sum, the court:

1) DENIES the instant motion for reconsideration [D.E. 8] as to plaintiff's request that his Heck-barred claims previously dismissed without prejudice be held in abeyance or tolled;

2) GRANTS IN PART the instant motion for reconsideration [D.E. 8] as to plaintiff's expounded failure-to-protect claims against Carr and Youker to the extent that allowing plaintiff to file an amended complaint regarding these allegations satisfies this request;

3) GRANTS the instant motion for reconsideration [D.E. 8] as to plaintiff's request for an extension of time to file an amended complaint in this action;

4) DIRECTS the clerk to send plaintiff the forms for filing an amended § 1983 complaint;

5) DIRECTS plaintiff, in compliance with the above admonitions, to file any amended complaint not later than twenty-one (21) days from the date of this order; and

6) WARNS plaintiff that, if he fails to file an amended complaint in the time allowed, the court will dismiss the action without prejudice for failure to prosecute.

SO ORDERED this 25th day of April, 2025.

RICHARD E. MYERS II
Chief United States District Judge